ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

WILLIAM YOUNG (WY9160)
Special Assistant U.S. Attorney
1 Pierrepont Plaza, 14th Fl.
Brooklyn, New York 11201
Telephone:   (718) 254-6957

ARLENE M. EMBREY (AE9718)
Trial Attorney
Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone:   (202) 205-6976
Facsimile:   (202) 481-0324



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/03/06

Swain, J.

DISTRICT COURT - DE
CASE # 06-50

FILED
MAR 15 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> COQUI CAPITAL PARTNERS, LP ) <br> a/k/a Tortuga Capital Partners, LP ) <br> ) <br> Defendant ) | Civ. Action No. 06-CV-1564 <br> (SWAIN, J.) <br> (ECF CASE) |

## CONSENT ORDER / JUDGMENT

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a preliminary and permanent injunction and the appointment of the SBA as Permanent Receiver for Coqui Capital Partners, LP, a/k/a Tortuga Capital Partners, LP. The Court, being fully advised in the merits and having been informed that Defendant does not challenge entry of this Order,

**HEREBY ORDERS, ADJUDGES AND DECREES THAT:**

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of Coqui Capital Partners, LP, a/k/a Tortuga Capital Partners, LP (hereinafter "Coqui"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA") is hereby appointed receiver ("the Receiver") of Coqui to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of Coqui's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partners, managers, officers, and directors of Coqui under applicable state and federal law and by the Certificate and Limited Partnership Agreement of said limited partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partners, managers, directors, officers, employees and agents of Coqui are hereby dismissed. Such persons shall have no authority with respect to Coqui's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Coqui and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of Coqui, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said limited partnership and all other assets and property of the partnership, whether real or personal upon notice from the Receiver regarding the time and place of such production. Coqui's General Partner, Tortuga Capital Management, LLC, and/or Coqui's management company, Tortuga Capital Advisors, LLC, shall furnish a written statement

2

to the Receiver within five (5) business days after the entry of this Order, listing the identity, location and estimated value of all assets of Coqui, as well as the names, addresses and amounts of claims of all creditors of Coqui of which Coqui, Tortuga Capital Management, LLC or Tortuga Capital Advisors, LLC have knowledge. All persons having control, custody or possession of any assets or property of Coqui, including Tortuga Capital Management, LLC and Tortuga Capital Advisors, LLC are hereby directed to turn such property over to the Receiver.

4.  The Receiver shall promptly give notice of its appointment to all known general and limited partners, officers, directors, agents, managers, employees, shareholders, creditors, debtors and agents of Coqui. All persons and entities owing any obligations or debts to Coqui shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if Coqui had received such payments.

5.  The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Coqui, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the Receivership including, but not limited to, attorneys and accountants, and is further authorized to expend Receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of Receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the Receivership. The Receiver may, without further order of

this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6. Coqui's past and/or present officers, directors, agents, managers, general partners, shareholders, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Coqui. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of Coqui or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Coqui, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving Coqui or any assets of Coqui, involving Coqui or its present or past officers, directors, managers, or general partners or the Receiver, which parties have brought suit or have been sued for, or in connection with, any action taken by Coqui's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of

4

Coqui, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

8. All pending civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving Coqui or any of its assets or any action of any nature taken by Coqui's present or past officers, directors, managers, or general partners which parties have brought suit or have been sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. Coqui and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith shall be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of Coqui to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Sections 661, et seq., or the regulations promulgated thereunder (the "Regulations"), 13 C.F.R. Sections 107.1, et seq.

10. The Receiver is authorized to borrow on behalf of Coqui, from the SBA, up to $1,000,000, and is authorized to cause Coqui to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which Certificates will bear interest at or about ten (10) percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations

of Coqui, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of stockholders of Coqui.

11. This Court determines and adjudicates that Coqui has violated the capital impairment provisions of the SBIA and the Regulations as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that Coqui's license as an SBIC be revoked.

12. The United States Small Business Administration is further entitled to a judgment against Coqui Capital Partners, LP, a/k/a Tortuga Capital Partners, LP, in the total sum of $5,737,721.39, including principal of $5,457,033.33 and accrued interest and fees in the amount of $280,688.06 as of January 19, 2006 with a per diem rate of $1,113.83, plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date of entry of this Order.

13. The election of Tortuga Capital Management, LLC not to challenge this Order shall not affect, alter or waive any rights, claims or defenses of the limited partners of Coqui Capital Partners, LP, a/k/a Tortuga Capital Partners, LP.

**AGREED TO AND ACKNOWLEDGED:**

United States Small Business Administration

By: _____
Thomas G. Morris, Director
Office of Liquidation

Coqui Capital Partners, LP, a/k/a Tortuga Capital Partners, LP

By: _____
Tortuga Capital Management, LLC,
its general partner, through

6

_____
Isaac Kier

_____
Jeffrey Koffman

_____
Jeffrey Davidson

Its Members.

SO ORDERED this _____ day of _____, 2006.


_____
**UNITED STATES DISTRICT JUDGE**

_____
Isaac Kier

_____
Jeffrey Koffman

_____
Jeffrey Davidson

Its Members.

SO ORDERED this 3rd day of March, 2006.

_____
UNITED STATES DISTRICT JUDGE

06-50

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

WILLIAM YOUNG (WY9160)
Special Assistant U.S. Attorney
1 Pierrepont Plaza, 14th Fl.
Brooklyn, New York 11201
Telephone:    (718) 254-6957

ARLENE M. EMBREY (AE9718)
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone:    (202) 205-6976
Facsimile:    (202) 481-0324



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | ) Civ. Action No.<br>) |
| COQUI CAPITAL PARTNERS, LP<br>a/k/a Tortuga Capital Partners, LP | ) (ECF CASE)<br>)<br>) |
| Defendant | )<br>) |

## COMPLAINT

COMES NOW Plaintiff, the United States of America on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.     This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W.,

Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3. Defendant, Coqui Capital Partners, LP a/k/a Tortuga Capital Partners, LP (hereinafter, "Coqui" or "Defendant"), is a Delaware limited partnership currently maintaining its principal place of business at 1775 Broadway, Suite 604, New York, New York, 10019. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS AND APPLICABLE LAW

4. Paragraphs 1 through 3 are incorporated by reference as though fully set forth herein.

5. Defendant was licensed by SBA as a small business investment company ("SBIC") on April 7, 2000, SBA License No. 02/72-0599, under Section 301(c) of the Small Business Investment Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

6. Defendant is managed by Coqui Capital Advisors, LLC. Defendant's General Partner is Tortuga Capital Management, LLC, which maintains its principal place of business at 1775 Broadway, Suite 604, New York, New York, 10019.

7. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

8.  Defendant's Agreement of Limited Partnership expressly incorporates the Act and Regulations.

9.  Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

10. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to Defendant through the purchase and/or guaranty of the following Debentures, a form of Leverage, as those terms are defined under the Regulations, which currently have an outstanding principal amount of $5,457,033.33 as follows:

   a.  No. 04662365-00 in the amount of $   423,980.58 disbursed on 02/01/01;
   b.  No. 04662366-09 in the amount of $   172,574.09 disbursed on 03/02/01;
   c.  No. 04662367-07 in the amount of $   317,385.94 disbursed on 03/07/01;
   d.  No. 04662368-05 in the amount of $   453,872.70 disbursed on 03/08/01;
   e.  No. 04662369-03 in the amount of $   909,123.35 disbursed on 03/21/01;
   f.  No. 04662370-06 in the amount of $1,136,404.19 disbursed on 03/21/01;
   g.  No. 04662371-04 in the amount of $1,135,384.71 disbursed on 03/27/01;
   h.  No. 04662372-02 in the amount of $   908,307.77 disbursed on 03/27/01.

As of January 19, 2006 there remains $5,737,721.39 in Debenture Leverage outstanding, including principal of $5,457,033.33 and accrued interest and fees in the amount of $280,688.06 with a per diem rate of $1,113.83.

11. The Debentures described in paragraph 10, above, are subject to, and incorporate by reference, the Regulations, including but not limited to the provisions of 13 C.F.R. §107.1810, 13 C.F.R. §§1830-1840 and 13 C.F.R §107.507.

12. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to Defendant through the purchase and/or guaranty of the following Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $13,930,000.00 as follows:

   a.  No. 02-000056 in the amount of $   500,000.00 disbursed on 2/15/02;

    b.    No. 02-000057 in the amount of $ 500,000.00 disbursed on 2/15/02;
    c.    No. 02-000058 in the amount of $ 500,000.00 disbursed on 2/15/02;
    d.    No. 02-000059 in the amount of $ 500,000.00 disbursed on 2/15/02;
    e.    No. 02-000206 in the amount of $ 675,000.00 disbursed on 3/18/02;
    f.    No. 02-000207 in the amount of $ 675,000.00 disbursed on 4/25/02;
    g.    No. 02-000208 in the amount of $ 675,000.00 disbursed on 4/25/02;
    h.    No. 02-000209 in the amount of $ 675,000.00 disbursed on 4/25/02; and
    i.    No. 03-000164 in the amount of $9,230,000.00 disbursed on 2/15/02.

As of January 19, 2006, the total amount of outstanding Participating Securities leverage totals $13,930,000.00.

13. The Participating Securities described in paragraph 12, above, are subject to and incorporate by reference the Regulations, including, but not limited to, the provisions of 13 C.F.R. §§107.1820-1850 and §107.507.

14. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as Defendant may be forfeited and the company may be declared dissolved.

15. Section 311 of the Act, 15 U.S.C. §687c, provides that if a determination has been made by SBA that a Licensee such as Defendant, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as Receiver for such Licensee.

## COUNT ONE
## CAPITAL IMPAIRMENT

16. Paragraphs 1 through 15 are incorporated by reference as though fully set forth herein.

17. The Regulations provide that a Participating Securities SBIC such as Defendant Coqui is not considered capitally impaired if their capital impairment percentage is below 85%.

18. Based on the SBA Form 468 submitted by Defendant for the period ending December 31, 2004, SBA determined that Defendant had a condition of Capital Impairment percentage, as that term is defined under the Regulations, of 106.77%.

19. By letter dated April 12, 2005 SBA notified Defendant that it was in violation of Section §107.1830(c) due to its excessive capital impairment ratio.

20. Pursuant to Sections 107.1820(f) and 108.1810(f)(5) and (g) the April 12, 2005 letter gave Defendant fifteen (15) days to cure its condition of capital impairment or SBA would place Defendant into Restricted Operations, pursuant to 13 C.F.R. § 107.1820(e)(3), and would impose Restricted Operation Remedies pursuant to 13 C.F.R. § 107.1820(f).

21. Defendant has failed to cure its condition of capital impairment.

22. Based on an SBA Form 468, Statement of Financial Position, for the period ending September 30, 2005 provided by Defendant, SBA determined that Defendant's capital impairment ratio is 106.94%.

23. Defendant's failure to cure its condition of capital impairment is a violation of §107.1830(b) of the Regulations, as well as the terms of the Debenture Leverage and the Participating Securities Leverage.

24. As a consequence of Defendant's violation of 13 C.F.R. §§107.1830(b) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Coqui Capital Partners, LP.

## CONCLUSION

**WHEREFORE**, Plaintiff prays as follows:

A. That permanent injunctive relief be granted restraining Defendant, its managers, general partner, limited partners, officers, agents, employees, financial advisors, and other persons acting on Defendant's behalf, in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of Coqui, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder;

B. That this Court determine and adjudicate Defendant Coqui's noncompliance with and violation of the Act and the Regulations promulgated thereunder;

C. That this Court take exclusive jurisdiction of Coqui Capital Partners, LP, a/k/a Tortuga Capital Partners, LP, and all of its assets, wherever located, appoint SBA as permanent, liquidating receiver of Coqui for the purpose of liquidating all of Coqui's assets and satisfying the claims of creditors therefrom in the order of priority to be determined by this Court, and pursuing causes of action available to Coqui against third parties, as appropriate;

D. That this Court render Judgment in favor of SBA and against Coqui

Capital Partners, LP, a/k/a/ Tortuga Capital Partners, LP, in the amount of $5,737,721.39, including principal of $5,547,033.33 and accrued interest and fees in the amount of $280,688.06 as of January 19, 2006 with a per diem rate of $1,113.83 until the date of judgment, together with post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered; and

    E.    That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

Dated: 2/27/2006    By: _____
WILLIAM YOUNG (WY9160)
Special Assistant U.S. Attorney
Eastern District of New York
1 Pierrepont Plaza, 14th Fl.
Brooklyn, New York 11201
Telephone:    (718) 254-6957

U.S. SMALL BUSINESS ADMINISTRATION

Dated: 2/21/06    By: _____
ARLENE M. EMBREY (AE9718)
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone:    (202) 205-6976
Facsimile:    (202) 481-0324



**U. S. SMALL BUSINESS ADMINISTRATION**
RECEIVER FOR COQUI CAPITAL PARTNERS, LP
409 THIRD STREET, S.W., 6TH FLOOR
WASHINGTON, D.C. 20416

DISTRICT COURT - DE
CASE # 06-50

WRITER'S DIRECT TELEPHONE: (202) 205-7514                FAX NUMBER: (202) 205-6957

March 13, 2006

Mr. Peter T. Dalleo, Clerk of the Court                  VIA UPS 2ND DAY DELIVERY
U.S. District Court, District of Delaware
J. Caleb Boggs Federal Building Lockbox 18
844 North King Street
Wilmington, DE 19801-3570

FILED
MAR 15 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Re:    United States of America v. Coqui Capital Partners, LP
       Civil Case No. 06-CV-1564; Judge J. Swain

Dear Mr. Peter T. Dalleo:

This is to advise you that, in accordance with 15 U.S.C. § 687c, the U.S. District Court for the Southern District of New York, has taken exclusive jurisdiction of Coqui Capital Partners, LP, ("Coqui"), and the assets thereof, and has appointed the U.S. Small Business Administration ("SBA"), an agency of the federal government, as the Receiver.

A portion of the property of Coqui may be located in your jurisdiction. We therefore are enclosing for filing copies of the Complaint and Order establishing the Receivership, as required by 28 U.S.C. § 754. Please open as a miscellaneous case filing.

The United States District Court, in an order appointing SBA Receiver for Coqui, stayed all legal proceedings involving Coqui and prohibited the filing of any actions against the Receiver unless permission of the Court is first obtained.

The Receiver is in the process of ascertaining what and where legal proceedings pertaining to Coqui are pending. Should the Receiver learn of relevant legal proceedings within the jurisdiction of your Court, the Receiver will promptly notify you thereof.

We also have enclosed extra copies of the Order and Complaint, which we request that you stamp filed and return in the enclosed self-addressed stamped envelope.

Sincerely,

By: _____
Michele L. Pittman
Chief, Corporate Liquidation and Receivership Operations
Office of Liquidation